**UNITED STATES of America, Plaintiff,**

v.

**Larry CHAMBERS, Billy Joe Chambers, Willie Lee Chambers, Otis Bernard Chambers, Belinda Lumpkin, Carl Young, Jerry Lee Gant, Marshall Glenn, Eric Lamar Wilkins, and Elaine Coleman Lucas, Defendants.**

Crim. A. No. 87–80933.

United States District Court, E.D. Michigan, S.D.

June 8, 1989.

Robert Kalec, Asst. U.S. Atty., Detroit, Mich., for U.S.

Anthony Chambers, Federal Defender Office, Charles Lusby, Robert Mann, Detroit, Mich., Thomas Wilhelm, Birmingham, Mich., Rudolph Wartella, E. Detroit, Mich., Ed Wishnow, Southfield, Mich., Curtis Williams, Detroit, Mich., David I. Goldstein, Ann Arbor, Mich., Timothy Murphy, Detroit, Mich., Ronald R. Gold, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court on objections filed by several defendants to their respective presentence reports and the reports' effect on the application of the Sentencing Guidelines. The presentence reports purport to establish a drug conspiracy of a scope sufficient to satisfy the requirements of base level 36. Essentially, defendants contend the presentence reports contain numerous inaccuracies concerning the scope of the instant conspiracy. These alleged inaccuracies result in an increase in the Guidelines sentencing range; an in-

crease in the scope of the conspiracy results in an increased sentencing range. In order to demonstrate the falsity of the government's claims, defendants assert that it is necessary to recall a number of witnesses who previously testified at trial for the government. For the reasons stated on the record at a hearing on this matter held on March 23, 1989, and for the reasons which follow, the Court finds the uncontroverted trial testimony supports the relevant portions of the presentence report.

The main thrust of the defendants' argument appears to be that during trial they were attempting to refute the government's allegations regarding the existence of a conspiracy. Accordingly, defendants did not concentrate on proving that the alleged conspiracy was substantially smaller than the government asserted. Defendants now seek an order of this Court allowing defendants to recall a number of government witnesses for further questioning regarding the extent of the conspiracy and the amount of cocaine sold by the organization. Specifically, defendants seek to recall Patricia Middleton, a government witness now a participant in the Federal Witness Protection Program.

The issue here raises two interlocking questions. The Court must first determine the appropriate burden of proof by which the government must prove the scope of the instant conspiracy. Second, the Court must determine the appropriate scope for conducting a hearing on defendants' contentions.

There is little dispute that the government presented sufficient evidence at trial to substantiate the assertions regarding the scope of the conspiracy contained in the presentence report. These witnesses, both civilian and law enforcement witnesses, testified regarding numerous "crack houses" dealing in "crack cocaine." The witnesses testified regarding an extremely well organized conspiracy involving employees in several levels of responsibility. The testimony demonstrated that defendants Larry Chambers and Billy Joe Chambers ran the organization with the remaining defendants, excepting defendant Lucas, working as "lieutenants," responsible for management, recruitment, and accounting for a certain set of crack houses.

In January 1988, Billy Chambers admitted to police that he processed between three and five kilograms of cocaine per week. Billy Chambers further stated that this cocaine was converted to "crack cocaine" with a production of between 40,000 and 50,000 "rocks" per kilogram. In addition, several witnesses testified that an extensive "crack house" was run at 1350 East Grand Boulevard in Detroit. At this location, the receipts from crack sales ranged from $40,000 to $100,000 per week. On one occasion, defendant Larry Chambers was arrested while possessing over fifty grams of cocaine base. On another occasion, law enforcement officers raided an organization crack house, seizing 289.67 grams of cocaine. In sum, the trial testimony is replete with evidence substantiating the guideline application of level 36. Accordingly, regardless of the appropriate burden of proof, the Court finds the government has presented sufficient evidence to justify a base offense level of 36.

The defendants have not presented any evidence to the contrary but do contend that they may be able to demonstrate the falsity of the government's proofs if they are allowed to recall the government witnesses. However, these defendants have already had an opportunity to subject each of the government witnesses to vigorous cross-examination. While this cross-examination was not *exclusively* directed towards discrediting the witnesses' testimony regarding the scope of the organization, several witnesses were expressly cross-examined as to their personal knowledge of the scope of the conspiracy.

The Court recognizes that it may have been sound trial strategy to avoid extensive cross-examination which essentially admits the existence of the conspiracy but disputes the alleged scope. However, the Court also notes the usefulness of discrediting any portion of a witness's testimony in hopes the factfinder will find the witness's entire testimony unworthy of belief. This tactic was employed extensively at

trial by defendants here, often attempting to discredit a witness by demonstrating a minute inconsistency. Further, even assuming defendants had purposely determined that sound trial strategy necessitated avoidance of cross-examination regarding testimony of the scope of the organization, the Court finds no basis for recalling the government's witnesses so the defendants can take another shot at discrediting their testimony. Under defendants' proposal, the sentencing phase would amount to a retrial of the majority of the government's case.

Accordingly, under the instant facts where the government, at trial, presented a significant amount of evidence substantiating a base offense level of 36 and where defendants were accorded an opportunity to rebut this evidence through cross-examination at trial or by calling other witnesses at the sentencing, the Court shall deny defendants request to recall the witnesses who testified for the government at trial. For the foregoing reasons, as well as those stated on the record on March 23, 1989, the Court finds base offense level 36 is justified and appropriate. IT IS SO ORDERED.